IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARIA REYES                                                                                    PLAINTIFF

     v.                    Civil No. 2:18-cv-02147-PKH-MEF

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Maria Reyes, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  42 U.S.C. § 405(g).

## I.     Procedural Background:

Plaintiff filed her application for DIB on June 23, 2016, alleging an onset date of January 1, 2016, due to back pain, neck pain, dislocation of disc, arthritis, depression, tingling of feet, and tension in muscles.  (ECF No. 13, pp. 64-65).  The Commissioner denied her application initially on September 27, 2016, and upon reconsideration on December 22, 2016.  (*Id*., pp. 63, 75).  At the Plaintiff's request, the Hon. Glenn A. Neel, Administrative Law Judge, held an administrative hearing on May 8, 2017.  (*Id*., pp. 39-62).  Plaintiff was present and represented by counsel.  The ALJ noted that Plaintiff had earnings at the substantial gainful activity ("SGA") level in January

and February 2016, and Plaintiff amended her alleged onset date to March 1, 2016. (*Id*., pp. 43-44).

At the time of the hearing, Plaintiff was 42 years old with a sixth-grade education she received in Mexico. (*Id*., p. 46). She is illiterate in English. (*Id*., p. 47). She had past relevant work ("PRW") experience as a poultry trimmer.[1] (*Id*.).

On February 12, 2018, the ALJ found that Plaintiff's degenerative disc disease of the cervical and thoracic spine, osteoarthritis of the knees, right shoulder tendonitis and acromioclavicular (AC) joint changes, and obesity were severe, but he concluded they did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526). (*Id*., pp. 26-28). He determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; she can never climb ladders, ropes, and scaffolds; she can frequently, but not constantly, reach and handle; and, she must avoid concentrated exposure to temperature extremes, wetness, humidity, and hazards, including no driving as part of work. (*Id*., pp. 28-32). With the assistance of a vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any PRW, but she could perform the requirements of representative occupations such as: plastics molding machine tender, hotel housekeeper, power screwdriver operator, and small product assembler. (*Id*., pp. 32-33). The ALJ concluded that Plaintiff had not been under a disability, as defined by the Act, from March 1, 2016 through the date of his decision and benefits were denied. (*Id*., pp. 33-34).

The Appeals Council denied the Plaintiff's request for review on June 20, 2018. (*Id*., pp. 5-9). Plaintiff filed this action on August 22, 2018. (ECF No. 1). This matter is before the

---

[1] Plaintiff's brief contains some summarized testimony which is apparently from another claimant's case. (ECF No. 16, pp. 13-14). This has been disregarded.

undersigned for report and recommendation. Both parties have filed appeal briefs (ECF Nos. 16, 17), and the case is ripe for decision.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). If there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. § 404.1520(a)(4). Only if he reaches the final stage does the fact finder consider the claimant's age, education, and work experience in light of her residual functional capacity. *McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520(a)(4)(v).

**III.  Discussion:**

Plaintiff raises one issue on appeal: That the ALJ erred in his RFC analysis. (ECF No. 16, pp. 16-18). She argues that the medical evidence supports an RFC of less than sedentary, and that the ALJ erred by not including additional limitations regarding Plaintiff's upper extremities, particularly her right shoulder. (*Id*., p. 16). She contends the medical evidence shows "numerous issues the Plaintiff has had with her right upper extremity that would cause her to have issues grasping and holding to turn objects, as required by SSR 83-10." (*Id*., p. 17). Noting that "light work" requires "a good deal of walking or standing," she also asserts "[s]tanding all day would be an issue." (*Id*.).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545. A disability claimant has the burden of establishing her RFC. *Vossen,* 612 F.3d at 1016. "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his

or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Miller*, 784 F.3d at 479 (citing *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

"Light work" involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. § 404.1567(b); SSR 83-10, 1983 WL 31251, at * 5.

As discussed by the ALJ in his decision, substantial evidence supports the ALJ's RFC assessment of a limited range of light work. The medical evidence of record shows:

- bilateral knee x-rays in March 2015 and January 2016 showed only *mild* medial joint space narrowing and *mild* osteoarthritis in the right knee (ECF No. 13, pp. 29, 303-304, 319);

- in February 2016, a lumbar MRI showed no disc protrusion or canal stenosis, and a cervical MRI showed a "*very mild*" disc bulge at C6-7 with "only *minimal* canal stenosis" (*Id*., pp. 30, 310, 315, 317) (emphasis added);

- Plaintiff's physical exams during the relevant period were relatively benign — some pain reports and tenderness with reduced range of motion in her shoulders and spine, but *normal*

5

gait, *full* muscle strength and range of motion in her lower extremities, *no* swelling, *no* effusion, *no* motor dysfunction, and *no* neurological deficits (*Id.*, pp. 29-32, 293, 325, 336, 344-46, 357-58, 368-69, 379-80, 390-91, 401-02, 412-13, 423-24, 432-33, 435, 444, 448-49, 457, 462-63, 475-76);

• in July 2016, cervical and thoracic x-rays showed only *minimal* and *mild* degenerative changes, respectively (*Id.*, pp. 30, 310);

• in September 2016, right shoulder and bilateral knee x-rays showed *no* significant abnormality (*Id.*, pp. 30, 330);

• in February 2017, a right shoulder MRI showed thickening of the supraspinatus tendon compatible with *tendinitis* with a small amount of fluid in the subdeltoid bursa, and *degenerative changes* at the AC joint (*Id.*, pp. 30, 454-55);

• Plaintiff regularly reported that her medications were effective in controlling her pain, and that they helped increase her functioning and daily activities, such as shopping (*Id.*, pp. 31, 355, 359, 366, 370, 377, 381, 388, 392, 399, 403, 410, 414, 421, 425, 460, 464-65, 473, 476);

• state agency medical consultant, Robert Redd, M.D., reviewed the record on September 26, 2016 and opined that Plaintiff could perform light work with no other restrictions (*Id.*, pp. 32, 64-72); and,

• state agency medical consultant, Kristin Jarrard, M.D., reviewed the record on December 20, 2016, and opined that Plaintiff could perform light work with no other restrictions (*Id.*, pp. 32, 76-85).

The ALJ's RFC assessment credited Plaintiff's subjective complaints to some degree, and considered evidence submitted after the state agency medical consultants' opinions, by being more

limited than the state agency medical consultants who both opined that Plaintiff could perform light work with no postural, manipulative, or environmental restrictions.

Plaintiff's supposition that she would have difficulty grasping and holding objects (ECF No. 16, p. 17) finds little support in the record. While documenting some diminished strength and range of motion in her upper extremities (left greater than right), Plaintiff's pain management physician, Adam L. Sewell, M.D., noted on May 16, 2016 that Plaintiff had normal elbow exams with no tenderness and normal range of motion, normal hand/wrist exams with no tenderness and normal range of motion, and no carpal tunnel syndrome symptoms. (ECF No. 13, p. 345). Aside from her general assertion that the medical records show "numerous issues" the Plaintiff had with her right upper extremity, she identifies no significant medical or opinion evidence that undermines the ALJ's RFC determination.

Plaintiff also speculates that she "would have issues standing all day" due to the impairments to her lower extremities and lumbar spine. (ECF No. 16, p. 17). This contention also lacks support in the medical evidence of record. Bilateral knee x-rays in March 2015 and January 2016 showed only *mild* medial joint space narrowing and only *mild* osteoarthritis in the right knee. (ECF No. 13, pp. 303-304, 319). A physical exam on January 18, 2016 showed Plaintiff had full range of motion of both knees, no effusions, mild to no crepitus with smooth patella glide on femur with loading, and her knees were stable to stress. (Id., p. 303). A lumbar MRI in February 2016 showed no disc protrusion or canal stenosis. (*Id*., pp. 310, 317). *See Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008) (upholding RFC of light work where the diagnostic tests showed only mild or minimal degenerative findings).

The medical evidence of record establishes that while Plaintiff had some physical impairments during the relevant period due to problems with her neck, back, right shoulder, and

knees, those impairments were treated conservatively. *See Milam v. Colvin*, 794 F.3d 978, 985 (8th Cir. 2015) (holding conservative treatment is inconsistent with disability). Plaintiff refers to Dr. Moore's opinion that surgery would require a multi-level cervical discectomy and fusion (ECF No. 16, pp. 17-18), but Plaintiff omits to state the reason why Dr. Moore did not recommend any surgery — because of the mild findings present on her cervical MRI. (ECF No. 13, p. 457).

Further, while work at the modified light exertional level assessed by the ALJ may cause some pain or discomfort, that alone is insufficient to support a finding of disability. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability).

## IV. Conclusion

Having carefully reviewed the entire record, the undersigned finds substantial evidence supporting the ALJ's RFC determination and the decision denying Plaintiff DIB. It is recommended that the ALJ's Decision be affirmed and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of May 2019.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE